# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

T.W. KING                                                                                                   PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 2:09cv33–KS-MTP

NAKIA ANDERSON, *et al.*                                                                        DEFENDANTS

## ORDER

BEFORE THE COURT is the Plaintiff's "Motion to Subpoena Denied Defendant to Testify on Behalf of Plaintiff and to Compel MDOC for Physical Address of Buford Clark" [52]. The court having considered the Motion and the applicable law finds that the Motion [52] should be DENIED.

In his Motion, it appears that Plaintiff seeks the physical address of Buford Clark, who was recently dismissed as a Defendant, so that he may be subpoenaed to testify on Plaintiff's behalf at the trial of this matter. Plaintiff claims that Mr. Clark was "treated bad by his fellow officers" and was "extremely upset" at how his fellow officers treated Plaintiff, and as a result resigned from his position. Plaintiff asserts that Mr. Clark would be willing to tell the truth about the incident at issue in his complaint. Plaintiff seeks an order compelling Defendants to provide the court with Mr. Clark's physical address so he may be served with a subpoena.

Plaintiff originally named Buford Clark as a Defendant in this matter. On May 18, 2009, the summons for Mr. Clark was returned unexecuted, indicating he was no longer employed by the MDOC. *See* Return [22]. On June 16, 2009, pursuant to the court's Orders [26][30], the Defendants provided the court with the last known address for Buford Clark, which was a P.O. Box. On June 17, 2009, the court entered an Order [34] directing the Clerk to reissue summons for Mr. Clark and to serve him by mail at the address provided by the Defendants in accordance

with Mississippi Rule of Civil Procedure 4(c)(3).[1]  *See* Fed. R. Civ. P. 4(e)(1). The court advised Plaintiff that if Buford Clark could not be served with process at the address provided by Defendants, or if Plaintiff failed to provide an address for service of process by August 24, 2009, Buford Clark may be dismissed from this action without prejudice pursuant to Fed. R. Civ. P. 4(m).[2]  *See* Order [34].

On October 7, 2009, the court entered a Report and Recommendation [49] recommending that Buford Clark be dismissed from this action without prejudice because he was not timely and properly served with process.  *See* Fed. R. Civ. P. 4(m).  The Report and Recommendation [49] was adopted by Order [54] dated November 9, 2009.

Plaintiff's request to compel Defendants to provide the court with Mr. Clark's physical address is denied.  The Defendants have already provided the court with Mr. Clark's last known

---

[1] Because the last known address for Buford Clark provided by Defendants was a P.O. Box rather than a physical address, the court directed the Clerk to serve Mr. Clark by mail in accordance with Mississippi Rule of Civil Procedure 4(c)(3).  *See* Fed. R. Civ. P. 4(e)(1). Mississippi Rule of Civil Procedure 4(c)(3) provides:

> (A) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.
> (B) If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint may be made in any other manner permitted by this rule.
> (C) Unless good cause is shown for not doing so, the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within 20 days after mailing the notice and acknowledgment of receipt of summons.
> (D) The notice and acknowledgment of receipt of summons and complaint shall be executed under oath or affirmation.

Miss. R. Civ. P. 4(c)(3).

[2] The 120-day deadline under Federal Rule of Civil Procedure 4(m) began to run on April 20, 2009, when Plaintiff's motion for leave to proceed in forma pauperis [3] was granted.  *See* Order [10].

address. Moreover, Plaintiff's request to serve Mr. Clark with a subpoena to appear as a witness for trial is premature. Dispositive motions have not yet been filed in this matter, and the trial and pretrial conference have not been set. Such a request can be made at the pretrial conference, if necessary. Accordingly,

**IT IS, THEREFORE, ORDERED:**

1. That Plaintiff's "Motion to Subpoena Denied Defendant to Testify on Behalf of Plaintiff and to Compel MDOC for Physical Address of Buford Clark" is **DENIED.**

2. Plaintiff's failure to advise this court of a change of address will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in this case being dismissed sua sponte without further notice.

**SO ORDERED** this the 16th day of November, 2009.

s/ Michael T. Parker
United States Magistrate Judge